**CENTRAL VERMONT RAILWAY.
INC., et al.**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

**Civ. A. No. 4010.**

United States District Court
D. Vermont.

June 19, 1964.

J. Edgar McDonald, New York City, H. H. Powers, St. Albans, Vt., for plaintiff.

Joseph Radigan, U. S. Atty., John Carnahan, Asst. U. S. Atty., Rutland, Vt., for the United States.

Robert W. Ginnane and Leonard S. Goodman, Washington, D. C., for the Interstate Commerce Commission.

GIBSON, District Judge.

On June 2, 1964, plaintiff filed this complaint against the United States of America and Interstate Commerce Commission for the purpose of suspending, enjoining, setting aside and annulling certain reports and orders issued by the Interstate Commerce Commission variously dated 7 May, 1958, 19 February 1959 and 2 April 1964, on Interstate Commerce Docket Nos. 31683, 31684, 31685 and 31686.

The complaint was brought and jurisdiction in this Court invoked under the provisions of Title 5 U.S.C. § 1009, Title 28 U.S.C. § 1336 and Title 49 U.S.C. § 17(9). The gist of the complaint is that the Interstate Commerce Commission has ordered the plaintiff to pay reparations to certain shippers by June 11, 1964.

The complaint prays that this Court until proper hearing temporarily stay, restrain and suspend the operations of the Interstate Commerce Commission orders referred to above; after proper hearing to enter a decree permanently suspending, enjoining, setting aside and annulling these orders.

On June 5, this Court entered an *ex parte* temporary restraining order restraining the enforcement of these Interstate Commerce Commission orders until 11:59 p. m. E.D.S.T. 15 June, 1964, and ordered a hearing to be held in Brattleboro on 15 June, 1964 at 11:30 a. m. on the question of the issuance of a temporary injunction pending hearing of the case on the merits.

Hearing was held in Brattleboro on June 15, 1964. Both parties appeared by counsel and arguments were heard. Counsel agreed that the temporary restraining order might be continued for one week, until June 22, 1964.

■■ Plaintiff argues that unless a temporary injunction is issued by this Court it shall be irreparably damaged. This Court concludes that 49 U.S.C.A. § 16(2) is applicable to this case; whether or not 49 U.S.C.A. § 17(9) and 28 U.S.C.A. § 1336 are also applicable is not necessary to determine at this time. Since 49 U.S.C.A. § 16(2) is applicable it means that the plaintiff herein cannot be damaged since it need not pay any of the reparations in issue. It cannot be held in contempt or be forced to make such reparation until a shipper to whom such reparations are due brings suit under § 16(2) and prevails in the resulting action.

■ The equitable power of this Court to issue temporary injunctions must be used sparingly. The granting of a temporary injunction is justified only when there is a showing of irreparable injury during the pendency of the action and it also appears that the injunction is required to preserve the status quo *pendente lite*. As already mentioned, this Court is unable to see irreparable injury to the plaintiff and further to see the effect of the issuance of a temporary injunction on the existing status quo.

### ORDER

The temporary restraining order issued by this Court on June 5, 1964 and extended to June 22, 1964 is hereby forthwith cancelled. Issuance of a temporary injunction is hereby denied.